IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| THOMAS KIRK REYNOLDS, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | EP-17-CV-300-KC |
| § | | |
| LORIE DAVIS, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Petitioner Thomas Kirk Reynolds, TDCJ Number 1536201, challenges a prison disciplinary proceeding through a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent Lorie Davis counters, because he lost no good-time credit, Reynolds fails to state a claim entitling him to relief.[1] After reviewing the record and for the reasons discussed below, the Court agrees with Davis. The Court will accordingly deny Reynolds's petition and decline to certify his issues for appeal.

## BACKGROUND AND PROCEDURAL HISTORY

Davis retains lawful custody of Reynolds pursuant to two judgments and sentences in the 409th Judicial District Court of El Paso County, Texas. Prison records establish Reynolds pleaded guilty to aggravated assault in cause number 20010D00659 and engaging in organized criminal activity in cause number 20000D05772.[2] They further show the trial court assessed

---

[1] Resp't's Answer 1, ECF No. 13.

[2] *Id*., Ex. A (Commitment Inquiry).

punishment at seventeen years' imprisonment for the aggravated assault and ten years' imprisonment for engaging in organized criminal activity. Based on the mandatory supervision statute in effect at the time Reynolds committed the offenses, he is not eligible for release to mandatory supervision.[3]

On February 28, 2017, Reynolds received notification he was charged in disciplinary case number 20170190551 with attempting to establish an inappropriate relationship, a violation of the disciplinary rules and procedures for state prisoners.[4] On March 1, 2017, Reynolds appeared at a disciplinary proceeding with his counsel substitute and pleaded not guilty. After reviewing the charging officer's report and Reynolds's personal statement, the disciplinary hearing officer found him guilty as charged and assessed his punishment at losing 15 days' recreation privileges and remaining at line 3.[5] Reynolds submitted a Step 1 grievance to appeal this disciplinary proceeding, initiating grievance number 2017100068. Prison officials denied this grievance. Reynolds then submitted a Step 2 grievance, appealing the outcome of his Step 1 grievance, but prison officials also denied it. Reynolds filed the instant federal petition on June 22, 2017.

In his petition, Reynolds asserts four due process violations. First, he proclaims his actual innocence. Second, he suggests the investigation was not impartial. Third, he maintains his counsel substitute was deficient. Finally, he asserts the evidence was insufficient to support the charge against him.

---

[3] *Id.* at 4–6 (citing Tex. Gov't Code § 508.149(a)(7) (West 2001)).

[4] *Id.*, Ex. B (TDCJ Disciplinary Report and Hearing Record).

[5] *Id.*

**APPLICABLE LAW**

An inmate's rights in prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[6] "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[7] Prisoners charged with institutional rules violations are only entitled to relief under the Due Process Clause when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.[8] These protected liberty interests can emanate from either the Due Process Clause itself or from state law.[9] But the range of constitutionally protected liberty interests is a "narrow" one.[10] Only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.[11]

In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[12] It follows that Texas prisoners cannot demonstrate

---

[6] *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

[7] *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

[8] *Id.* at 483–84.

[9] *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

[10] *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (citing *Sandin*).

[11] *Sandin*, 515 U.S. at 487; *see also Kyle*, 65 F.3d at 31–32.

[12] *Malchi v. Thaler*, 211 F.3d 953, 956–59 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *Teague v. Quarterman*, 482 F.3d 769, 774–77 (5th Cir. 2007) (discussing the mandatory supervision schemes in place both before and after September 1, 1996).

constitutional violations without first establishing (1) they are eligible for early release on mandatory supervision, and (2) the disciplinary convictions at issue resulted in the loss of credit for good conduct.[13]

## ANALYSIS

As the Court noted above, Reynolds is not eligible for release to mandatory supervision based on the mandatory supervision statute in effect at the time he committed his holding offenses.[14] Moreover, he did not lose credit for good conduct.[15]

To the extent Reynolds challenges the loss of recreation, such punishment does not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life."[16] Rather, the punishment constitutes a change in the conditions of Reynolds's confinement and does not implicate the protections afforded by the Due Process Clause.[17]

To the extent Reynolds challenges remaining at line 3, the Fifth Circuit has held that even a reduction in a prisoner's time-earning status, and the potential impact of the reduction on his good-time credit earning ability, is too attenuated from the prisoner's ultimate release date to

---

[13] *Malchi*, 211 F.3d at 956–59 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

[14] Resp't's Answer 4–6 (citing Tex. Gov't Code § 508.149(a)(7) (West 2001)).

[15] *Id.*, Ex. B (TDCJ Disciplinary Report and Hearing Record).

[16] *Sandin*, 515 U.S. at 484.

[17] *See id.* at 486 (holding that no liberty interest was implicated by discipline ruling placing an inmate in segregated confinement); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (stating that thirty-day commissary and cell restrictions does not implicate due process concerns).

invoke the procedural guarantees of the Due Process Clause.[18] Furthermore, a change in the conditions of a prisoner's confinement resulting from a reduction in his custody classification do not affect the duration or fact of his confinement and do not constitute atypical, significant hardships going beyond the ordinary incidents of prison life.[19] Keeping Reynolds at line 3 would not, therefore, implicate due process concerns.

Because the sanctions assessed against Reynolds do not implicate a protected liberty interest, any claim by him concerning his disciplinary conviction fails to establish the requisite constitutional violation as a matter of law. Absent an allegation that Reynolds has been deprived of some right secured to him by the United States Constitution or laws of the United States, § 2254 relief is not available.[20] As a result, Reynolds fails to state a claim that entitles him to relief.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[21] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[22] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

---

[18] *Malchi*, 211 F.3d at 958–59; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

[19] *Madison*, 104 F.3d at 768; *Malchi*, 211 F.3d at 958 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)).

[20] *See Kyle*, 65 F.3d at 31; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985).

[21] 28 U.S.C. § 2253(c)(1) (2012).

[22] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

limiting appellate review solely to those issues on which a certificate of appealability is granted.[23] Although Reynolds has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[24]

A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."[25] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[26] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[27] Here, Reynolds is not entitled to a certificate of appealability because reasonable jurists would not find the Court's substantive rulings debatable; has not made a substantial showing of the denial of a constitutional right.

**CONCLUSION AND ORDERS**

After carefully reviewing the record, the Court concludes that Reynolds is not entitled

---

[23] *See* 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[24] *See* 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[25] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[27] *Id*.

relief under 28 U.S.C. § 2254. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Thomas Kirk Reynolds's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner Thomas Kirk Reynolds is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that all pending motions are **DENIED AS MOOT**.

**SO ORDERED**.

**SIGNED this 19th day of October, 2017.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE